UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE SUBPOENA DIRECTED TO AMAZON.COM, INC. | No.<br><br>Underlying case:<br>*In re Broadcom Corp. Derivative Litigation,*<br>CV06-3252 R (CWx) (C.D. Cal.)<br><br>AMAZON.COM, INC.'S MOTION TO QUASH SUBPOENA<br><br>NOTE ON MOTION CALENDAR:<br>January 2, 2009 |

## I. INTRODUCTION

Non-party Amazon.com, Inc. ("Amazon.com") seeks an order quashing the Subpoena Duces Tecum (the "Subpoena") issued by a defendant in the underlying action, *In re Broadcom Corporation Derivative Litigation,* pending in the Central District of California, Case No. CV06-3252 R (CWx) (the "Action"). The Subpoena is improper on several counts. The Action involves a stock option backdating scheme at Broadcom Corporation ("Broadcom"). The Action has absolutely nothing to do with Amazon.com. The Subpoena, however, is enormous in scope. It seeks all of Amazon.com's documents and data related to Amazon.com's stock option grants, policies, and practices over a 3-year period – none of which have any bearing on the Action. The Subpoena also seeks all information regarding Fred Whittlesey, a former Broadcom employee who also had a short 9-month stint with Amazon.com ending in May 2002. To start, the requests

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 1

Seattle-3481364.1 0053837-00031

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

dockets.Justia.com

are based on pure speculation. Not only does the Subpoena seek material that is not reasonably calculated to lead to the discovery of admissible evidence, it seeks the production of privileged, confidential, and proprietary information. Further, compliance with the vague and overbroad requests would impose an undue burden on a non-party.

The Subpoena is also a blatant attempt to circumvent the criminal discovery process. The defendant who issued the Subpoena, Henry Nicholas, has been indicted on criminal charges arising from his role in the same fraudulent scheme alleged in the Action. The civil court adjudicating the Action has already stayed certain discovery, including the deposition of Fred Whittlesey. Defendant Nicholas's attempt via the Subpoena to use third party discovery to undermine discovery in the criminal case is improper. The government agrees that the Subpoena should be quashed or, at a minimum, stayed until the conclusion of the criminal case.

## II. STATEMENT OF RELEVANT FACTS

The Action was filed in May, 2006. It is a derivative suit brought by shareholders of Broadcom on behalf of the company against seven members of Broadcom's Board of Directors and six executive officers. The Consolidated Amended Derivative Complaint (the "Complaint") alleges 12 causes of action, including violations of Section 14(a) of the Exchange Act, breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, violation of Section 10(b) of the Securities and Exchange Act, rescission, violation of California Corporations Code § 25402, breach of fiduciary duties for insider selling and misappropriation of information, constructive fraud, and violations of Section 20(a) of the Exchange Act. *See* Declaration of Gloria Hong ("Hong Decl."), Exhibit A (Complaint).

According to the Complaint, Defendant Nicholas co-founded Broadcom and served as the company's President, CEO, and Chairman of its Board until he resigned on January 23, 2003. *See id.*, Exhibit A at ¶44. The Complaint alleges that Defendant Nicholas "knew adverse non-public information about the business of Broadcom, as well as its finances, markets and accounting practices, via access to internal corporate documents." *Id.* Further, it is alleged that

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 2

Defendant Nicholas "participated in the issuance of false and/or misleading statements, including the approval of false and/or misleading press releases, proxy statements and other SEC filings," and that since 1998, Defendant Nicholas, in combination with his family trust, has received gross proceeds of $1.6 billion from his sale of Broadcom shares. *Id.*, Exhibit A at ¶¶44, 45.

Two other lawsuits are pending against Defendant Nicholas, and discovery has been stayed in both of those cases. On May 14, 2008, the Securities and Exchange Commission ("SEC") filed a civil enforcement complaint against Defendant Nicholas stemming from the same stock option backdating scheme as that alleged in the Action. *See SEC v. Nicholas, III, et al.,* No. 08-cv-00539-CJC (RNBx) (the "SEC Action"). The United States intervened, and all discovery in the SEC Action was stayed. *See S.E.C. v. Nicholas,* 569 F.Supp.2d 1065 (C.D.Cal. 2008).

On June 4, 2008, a federal grand jury indicted Defendant Nicholas on criminal charges related to his role in an alleged scheme to backdate Broadcom stock options. *See U.S.A. v. Nicholas,* No. 08-cv-00139-CJC-1 (C.D.Cal. Oct. 16, 2008) (Carney, J.) (the "Criminal Case"). The indictment alleges conspiracy, aiding and abetting and causing an acting to be done, securities fraud, false certification of financial reports, false statements in reports filed with the Securities and Exchange Commission, lying to accountants, falsification of corporate books and records, and mail and wire fraud. The government also intervened in the Action. On October 16, 2008, the court granted the government's request, allowing the government to intervene and staying discovery as to 15 witnesses, including Mr. Whittlesey. *See* Hong Decl., Exhibit B (Order Re: Government's Motion to Intervene and Seek a Limited Stay of Certain Deposition Discovery in the Civil Case Pending Criminal Disposition in the *In re Broadcom Corporation Derivative Litigation*).

On December 9, 2008, Defendant Nicholas issued a Subpoena for the production of documents by Amazon.com. *See* Hong Decl., Exhibit C. The Subpoena seeks:

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 3

1. All documents relating to stock option grants that you made during the period beginning August 1, 2000, and ending May 31, 2003.

2. All documents describing your stock option policies and practices during the period beginning August 1, 2000, and ending May 31, 2003.

3. All documents relating to both Fred Whittlesey and stock option grants.

*Id.*

On December 12, 2008, counsel for Amazon.com and Defendant Nicholas spoke about the broad scope of the Subpoena. *See* Hong Decl., ¶2. Defendant Nicholas's counsel indicated that the Subpoena requests stem from the short tenure of Fred Whittlesey at Amazon.com.[1] *Id*; Declaration of Vanessa Power ("Power Decl."), ¶3. Defendant Nicholas's counsel speculates that Amazon.com's actions and general policies during a 3-year period (which far exceeds the scope of Mr. Whittlesey's tenure on both the front and back end) may possibly shed light on Mr. Whittlesey's work as a Broadcom employee before he worked at Amazon.com, and/or as an advisor to Broadcom after he worked at Amazon.com. Hong Decl., ¶2; Power Decl., ¶3. Counsel for Amazon.com expressed concern about the speculative and overbroad nature of the requests, and informed counsel for Defendant Nicholas that objections would be forthcoming. Hong Decl., ¶2; Power Decl., ¶3.

On December 19, 2008, counsel for Amazon.com and Defendant Nicholas spoke again about the scope of the Subpoena. *See* Power Decl., ¶2. Defendant Nicholas refused to voluntarily strike the Subpoena. *Id.* This motion followed.[2]

---

[1] Mr. Whittlesey is not a party to the Action. Mr. Whittlesey was the Director of Human Resources at Amazon.com from August 2001 until May 2002. *See* Declaration of Lynn Radliff ("Radliff Decl.") ¶2. His human resources files have been disposed of, and his e-mail files purged, pursuant to Amazon.com's document retention policy. *Id.*

[2] In the event that this motion to quash is denied, Amazon.com reserves its right to object to the Subpoena requests with specificity.

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 4

## III. ANALYSIS

Fed. R. Civ. P. 26(c) and 45(c)(3) give the Court substantial discretion to quash the Subpoena where, as here, the information sought fails to meet the relevancy requirements of Rule 26, the information sought includes privileged, confidential, and proprietary information, and compliance with the Subpoena would impose an undue burden on a non-party. Further, all discovery has been stayed in the SEC Action and certain discovery, including the deposition of Mr. Whittlesey, a happenstance link between Broadcom and Amazon.com, has been stayed in the Action. The Court is likewise within its power to quash a Subpoena that attempts to avoid the discovery rules in the Criminal Case.

### A. The Subpoena is Highly Objectionable.

The Subpoena seeks material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Action. *See* Fed. R. Civ. P. 26(b). While relevancy is generally construed "liberally and with common sense" (*Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)), discovery is not relevant to the subject matter involved in a case if the inquiry is only based on the requesting party's mere suspicion or speculation. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1324 (Fed. Cir. 1990). Here, Defendant Nicholas offers nothing but suspicion and speculation for seeking discovery from Amazon.com.

Defendant Nicholas is clearly on a fishing expedition for material that could possibly support some unstated defense theory. Parties may not, however, engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses. Here, Defendant Nicholas has simply "adopt[ed] a particular theory of defense and then cast[ ] a wide net with the goal of reeling in something to support it." *See United States v. Reyes*, 239 F.R.D. 591, 606 (2006) (court quashed third party subpoena issued by indicted executives seeking information from former employer of corporation's CFO because former employer's own stock option policies were not relevant).

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Here, although the Action involves a fraudulent stock option backdating scheme at Broadcom, Defendant Nicholas seeks broad-based discovery about Amazon.com's stock option grants, policies, and practices over a 3-year period. There is no connection between Amazon.com's policies and practices and the fraudulent scheme involving Defendant Nicholas at Broadcom. Defendant Nicholas's assertion that evidence of Amazon.com's policies and practices over a 3-year period *may* "shed light on" Mr. Whittlesey's "stance" with regard to how Mr. Whittlesey viewed certain accounting principles, such as reporting requirements, is absurdly overreaching. When the stay in the Action is lifted, Defendant Nicholas can depose Mr. Whittlesey and ask him about his "stance" on various principles himself. Regardless, evidence of Amazon.com's own policies and practices related to stock option grants would prove nothing with regard to Broadcom's policies and practices, and the role that Defendant Nicholas played in the same. To seek utterly disconnected material from Amazon.com far exceeds the bounds of relevant, or potentially relevant, information.

Further, the material sought would require the disclosure of privileged or other protected information, including confidential and proprietary information. Under Fed. R. Civ. P. 45 (c)(3)(A)(iv), the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies or subjects a person to undue burden. Moreover, under Fed. R. Civ. P. 45(c)(3)(B)(i) and (iii), if a subpoena "requires disclosure of a trade secret or other confidential research, development, or commercial information" this Court may quash or modify the subpoena.

### B. Compliance with the Subpoena Would Place an Undue Burden on Amazon.com.

As a non-party to the Action, Amazon.com is afforded special protection against the time and expense of complying with the Subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). The Subpoena does not request materials with any specificity, and the cost of complying with the broad scope of the requests would be significant and impose a tremendous burden on

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Amazon.com. Nor can Defendant Nicholas demonstrate a substantial need for the material that he seeks without undue hardship to Amazon.com. All of these factors support entry of an order quashing the Subpoena.

Amazon.com is a Fortune 500 company with thousands of employees. Radliff Decl., ¶6. Yet, Defendant Nicholas requests any and all material regarding Amazon.com's stock option grants (to any of those thousands of employees), as well as Amazon.com's stock option policies and practices, and all documents relating to Fred Whittlesey and stock option grants. There are no substantive limitations on the request for stock option information – the vague requests call for anything and everything. Such material is voluminous, especially over a 3-year period, and would require significant effort to review and search both hard copy and electronic data and files. *Id.* In addition, reviewing all material to protect against the disclosure of privileged, confidential, or proprietary information would add significantly to the time and cost of any production. *Id.* Should any production be required of Amazon.com, Defendant Nicholas should be ordered to bear the cost in full.

C. **The Subpoena is an Improper Attempt to Circumvent Discovery Process in the Criminal Case.**

Defendant Nicholas has made clear that the only reason he is seeking information from non-party Amazon.com arises from the fact that Amazon.com employed Mr. Whittlesey for a 9-month period between August 2001 and May 2002. The government plans to call Mr. Whittlesey as a prosecution witness at trial in the Criminal Case against Defendant Nicholas in April 2009. In light of the Criminal Case, deposition discovery of prosecution witnesses, including Mr. Whittlesey, has been stayed in the Action. The Subpoena constitutes an improper attempt to circumvent the narrower rules of discovery in criminal cases, and undermine or interfere with the government's case against Defendant Nicholas. As such, the government agrees that the subpoena should be quashed or, at a minimum, stayed until the conclusion of the criminal case. Power Decl., Exhibit A (Letter from Andrew Stolper).

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 7

## IV. CONCLUSION

For all of the foregoing reasons, Amazon.com respectfully requests entry of an order quashing the Subpoena.

DATED: December 22, 2008.

STOEL RIVES LLP

_____
Vanessa Soriano Power, WSBA No. 30777
Gloria S. Hong, WSBA No. 36723

Attorneys for Amazon.com

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 8

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I caused a true and correct copy of the foregoing **Amazon.com, Inc.'s Motion to Quash Subpoena** to be served in the manner noted below on the following attorneys as follows:

**via E-mail and Overnight Delivery**

Steven R. Ruby
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, N.W.
Washington, D.C. 2005-5901
sruby@wc.com

*Attorneys for Defendant Dr. Henry T. Nicholas, III*

DATED this 22nd day of December, 2008.

/s/ *Vanessa Soriano Power*
Vanessa Soriano Power, WSBA 30777

MOTION TO QUASH SUBPOENA TO AMAZON.COM, INC. - 9